**Richard KAUFMAN, individually and derivatively on behalf of Morlan International, Inc.**

v.

**SAFEGUARD SCIENTIFICS, INC., Warren Musser, Adolph Paier, Jr., Raymond Kraftson, Lawrence Miller, Morris Gerber, Marvin M. Demchick, and Morlan International, Inc.**

Civ. A. No. 83–4570.

United States District Court, E.D. Pennsylvania.

July 2, 1984.

---

**2.** 403 U.S. at 276, 91 S.Ct. at 1913 (emphasis added).

Mitchell A. Kramer, Steven M. Steingard, Philadelphia, Pa., for plaintiff.

Thomas W. Murrell, Morgan, Lewis & Bockius, Philadelphia, Pa., for Safeguard, Musser, Paier, and Kraftson.

Michael T. Scott, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Miller, Gerber, and Morlan.

Theodore R. Mann, Mann & Ungar, Philadelphia, Pa., for Demchick.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Richard Kaufman brings this derivative action on behalf of Morlan International, Inc. ("Morlan") against Safeguard Scientifics, Inc. ("Safeguard") and six current or former directors of Morlan. Morlan is a Delaware corporation. The parties have engaged in a flurry of motion prac-

tice. Defendants have moved to dismiss the complaint and, on different grounds, to dismiss certain claims. Plaintiff has moved for a protective order. Defendants have moved for summary judgment on certain claims. Finally, plaintiff has moved to strike one affidavit filed in support of defendants' motion for partial summary judgment. The court has permitted this action to proceed while the parties completed their submissions on each of the pending motions. As it appears, plaintiff's amended complaint must be dismissed for failure to allege with particularity (a) a demand upon the directors of Morlan to bring this action on the corporation's behalf, or (b) a valid excuse for not making such a demand. I will therefore not address issues other than defendants' motion to dismiss on the ground of failure to comply with Federal Rule of Civil Procedure 23.1.

The parties' submissions on the motion to dismiss raise many issues and arguments not found on the face of the amended complaint. Perhaps this results from the parties' extended litigation in several courts over the control of Morlan.[1] Nevertheless, a motion to dismiss addresses itself solely to the face of the complaint. I will therefore restrict my discussion to the allegations of Mr. Kaufman's amended complaint.

In order to bring a derivative action on behalf of a corporation, a shareholder must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1. Unless this demand requirement is excused, a shareholder has no standing to bring a derivative action.

■ Mr. Kaufman's amended complaint acknowledges that he has made no demand upon the directors of Morlan. A demand is excused, however, when it would be "fu-

tile." *Lewis v. Graves*, 701 F.2d 245, 248 (2d Cir.1983); *Lewis v. Curtis*, 671 F.2d 779, 784–785 (3d Cir.1982). Mr. Kaufman contends that a demand upon the Morlan directors would have proved futile for several reasons.

Mr. Kaufman first contends that "Robert Shay ..., a Morlan shareholder, through his counsel, made a formal demand upon the Board of Directors of Morlan, the individual defendants herein, to bring a similar action against Safeguard and certain of the defendants herein. The Board rejected Shay's demand in a letter dated July 18, 1983." Amended Complaint ¶ 13(a). Mr. Kaufman argues that because the board had rejected a demand by Shay to bring a similar action, Mr. Kaufman could not have expected the board to have brought the instant action on behalf of the corporation. He therefore contends that a demand by him upon the corporation's directors would have been futile and should be excused.

■ This excuse does not suffice. The demand requirement has a particular purpose. Upon demand, the board of directors may decide to bring suit on behalf of the corporation or the board of directors may decide not to sue. In the event the board decides to sue, the shareholder need not bring a derivative action on behalf of the corporation. In the event the board decides not to sue, a district court faced with a shareholder derivative suit must decide whether to defer to the board's judgment not to sue and dismiss the case. *Weiss v. Temporary Investment Fund, Inc.*, 692 F.2d 928, 939–942 (3d Cir.1982); *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 274–275 (3d Cir.1978). As *Weiss* and *Cramer* make clear, the demand requirement serves the important purpose of ensuring that a district court will have the necessary predicate for its decision to defer or not to defer to the board of director's judgment whether to sue. Without a decision of the board, the district court cannot defer where appropriate.

---

1. *See, e.g., Morlan International, Inc. v. Kaufman,* Civil Action No. 83–2001 (E.D.Pa. filed April 27, 1983).

A shareholder need not make a demand, however, where a demand would not serve this purpose. In cases where the complaint alleges with particularity circumstances under which a district court would never defer to the board of directors' decision not to sue, the shareholder need not make a demand. *Lewis v. Curtis*, 671 F.2d 779, 785–786 (3d Cir.1982). "Futility," in this sense, does not mean that the board will certainly decide not to sue. Instead, a demand is futile when the board's decision would have no relevance to the district court; no matter the board's decision, the district court will not defer to it.

The mere fact that the board of directors has elected not to sue in a prior similar action does not indicate that a court would not defer to a decision not to sue in the instant case. Unless plaintiff presents his claims to the board, the district court can have no corporate action to defer to. Therefore, the fact that prior corporate decisions suggest that the corporation is unlikely to sue on its own behalf does not excuse a plaintiff from Rule 23.1's demand requirement.

Mr. Kaufman next alleges that "the Board of Directors would not and could not diligently prosecute this action because in effect they would have to bring it against themselves, and the suit seeks recovery in favor of Morlan and against the individual and corporate Defendants by reason of the matters alleged herein." Amended Complaint ¶ 13(a). "[S]imply naming the directors as defendants cannot automatically excuse demand on the theory that they would have to decide whether to sue themselves." *Weiss*, 692 F.2d at 943.

Defendants suggest that if one carefully assesses the interest of each member of the board of directors in the transactions underlying each count, a sufficient number of directors have no personal interest so that the board as a whole could have reached a competent decision under Delaware corporation law. I cannot make this determination because, *inter alia*, the complaint nowhere alleges how many directors Morlan has and who they are.

Rule 23.1 requires a derivative plaintiff to plead the facts excusing him from a demand upon the board of directors with particularity. This is a departure from the usual rules of notice pleading and requires meticulous specification of the facts surrounding a failure to make a demand. 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.1.19 at p. 23.1–92 (2d ed. 1982) (citing *In re Kauffman Mutual Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973), *cert. denied*, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973)). Therefore, plaintiff's mere allegation that the defendants in this action were, or are now, directors of Morlan does not suffice without more to excuse his failure to make a demand.

Finally, plaintiff alleges that "Morlan's Board of Directors appointed Special Counsel to conduct an investigation of alleged improprieties in the operation of Morlan, including certain allegations contained herein, but Special Counsel did not or was not permitted by the defendants to fully investigate the allegations contained herein." Amended Complaint ¶ 13(b). This allegation does not excuse a failure to make a demand upon the board of directors. Even if the board of directors ordered a special counsel to discontinue an investigation, this court cannot infer that the board has some antagonism to this action of the type which would induce this court not to defer to the board's decisions. One can imagine numerous business reasons for discontinuing an investigation; eliminating the cost of the investigation is only one. Therefore, this allegation, of itself, does not excuse Mr. Kaufman's failure to make a demand.

The amended complaint alleges no further reasons to excuse plaintiff from Rule 23.1's demand requirement. Accordingly, the accompanying Order dismisses this action without prejudice.